**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

**KENNETH MERRIWEATHER,**
Individually and on behalf of himself
and others similarly situated,

 Plaintiff

               v.                        Case No. _____

**THRIVE RESTAURANT GROUP, LLC,**    FLSA Collective Action
and **APPLEBEE'S RESTAURANTS LLC,**   Rule 23 Class Action
                                    **JURY DEMANDED**

Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

Kenneth Merriweather (Plaintiff), individually, and on behalf of himself and other similarly situated current and former employees, brings this Fed. R. Civ. P. 23 class action and Fair Labor Standards Act ("FLSA") collective action against Thrive Restaurant Group, LLC and Applebee's Restaurants, LLC ("Defendants"), and alleges as follows:

## I.     <u>INTRODUCTION</u>

1.   This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation owed to Plaintiff and other similarly situated current and former employees who are members of a collective action as defined herein and currently or previously employed by Defendants.

2.   This lawsuit also is brought against Defendants as a Fed. R. Civ. P. 23 class action, alleging breach of contract under various states' laws, including Tennessee state law, to recover unpaid contractual wages owed to Plaintiff and other similarly situated current and former employees

1

who are members of a class as defined herein and currently or previously employed by Defendant.

## II.     JURISDICTION AND VENUE

3.    The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and are brought to recover unpaid back wages, additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

4.    This Court further has jurisdiction over the Fed. R. Civ. P. 23 class action claims under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5.    Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this District and Defendants regularly conducted and continue to conduct business in this District, and have engaged and continue to engage in the wrongful conduct alleged herein in this District during all times relevant and material to this action.

## III   CLASS DESCRIPTIONS

6.    Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action on behalf of the following similarly situated individuals:

> All current and former company trainers (a/k/a Neighborhood Experts) who were employed by and performed work for the Defendants in the United States during all relevant periods herein and who were not paid wages owed them by the Defendants (the "Rule 23 class").

7.    Plaintiff brings this FLSA collective action on behalf of the following similarly situated persons:

All current and former company trainers (A/K/A Neighborhood Experts) who were employed by and performed work for the Defendants in the United States within the three (3) year period preceding the filing of the original Complaint and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). ("the FLSA Class").

## III.    PARTIES

8.   Defendant Thrive Restaurant Group, LLC is a Kansas Limited Liability Company with its corporate headquarters located at 1877 N. Rock Road, Wichita, Kansas 67206. Defendant Thrive Restaurant Group, LLC may be served through its registered agent for service of process: Greg Stroud, 1877 N. Rock Road, Wichita, Kansas 67206.

9.   Defendant Applebee's Restaurants, LLC is a Delaware Limited Liability Company with its corporate headquarters located at Floor 7, 480 N. Brand Blvd., Glendale, CA 91203-2346. Defendant Applebee's Restaurants LLC may be served through its registered agent for service of process: Corporation Service Company, 2908 Poston Avenue, Nashville, TN. 37203-1312.

10.  Plaintiff Kenneth Merriweather was employed by Defendants as a company trainer (a/k/a Neighborhood Expert) during all relevant periods herein. Plaintiff's FLSA Consent to Join form is attached as *Exhibit A*.

11.  Defendants jointly employed Plaintiff and those similarly situated.

12.  Defendants constitute an integrated enterprise as defined by U.S.C. § 203(r) because their related activities were performed through unified operations of common control and for a common business purpose.

## IV.    FLSA COLLECTIVE ACTION ALLEGATIONS

13.  Defendants owned and operated Applebee's Restaurants in Tennessee and other states within the United States during all times relevant and material to this action.

14. Plaintiff performed work for Defendants at one of their Applebee's Restaurants in Clarksville, Tennessee as a trainer ("Neighborhood Expert") during all times relevant and material herein.

15. Defendants have been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant and material to this Complaint.

16. Defendants employed Plaintiff and those similarly situated and were responsible for setting and administering wage and compensation policies related to them during the relevant period of time in question.

17. The decisions regarding the compensation of Plaintiff and other members of the classes, and other terms of employment, were made through Defendants' centralized management, under the direction and control of their executives, officers and human resources personnel.

18. Plaintiff performed work for Defendants in excess of 40 hours per week within weekly pay periods during all times relevant and material to this action.

19. Upon information and belief, those similarly situated performed work for Defendants in excess of 40 hours per week within weekly pay period during all times relevant and material herein.

20. Defendants have failed to pay Plaintiff and those similarly situated all the overtime compensation owed them based on their hourly rate of pay and training compensation during all times material herein.

21. Defendants are aware they failed to pay Plaintiff and those similarly situated for all the overtime compensation they owed them.

4

22.  At all times relevant and material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA and, who worked for Defendants within the territory of the United States during the relevant time period.

23.  Defendants are and have been an "enterprise" as defined within section 203(r)1 of the FLSA during this relevant time period.

24.  At all times relevant and material to this action, Defendants have been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.

25.  Therefore, at all times material, each Defendant was an "enterprise" covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

26.  Plaintiff and all other similarly situated persons are current or former employees of Defendants.

27.  The unpaid overtime compensation claims of Plaintiff and those similarly situated are unified through a common theory of Defendants' FLSA violations.

28.  Defendants' aforementioned plan, policy and practice of failing to pay Plaintiff and those similarly situated all the overtime compensation owed them was willful and without a good faith basis.

29.  The net effect of Defendants' failure to pay Plaintiff and those similarly situated all the overtime compensation owed them was to unjustly enrich themselves and enjoy ill-gotten profits at the expense of Plaintiff and those similarly situated.

30.  Therefore, Plaintiff and others similarly situated are entitled to a recovery of overtime back pay, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendants that is available to them under the FLSA.

5

31.  Although at this stage Plaintiff is unable to state the exact amount owed to them and other members of the classes, they believe sufficient information will become available to them through discovery.

## V.    RULE 23 BREACH OF CONTRACT CLASS ACTION ALLEGATIONS

32.  Defendants owned and operated Applebee's Restaurants throughout the United States during all relevant periods of time herein.

33.  Defendants employed trainers (a/k/a Neighborhood Experts), such as Plaintiff and members of the putative Rule 23 class during all relevant periods of time herein.

34.  Defendants promised Plaintiff and other putative Rule 23 class members that they would be compensated at a certain hourly rate for the hours of training they performed for the Defendants.

35.  Plaintiffs fulfilled their acceptance of such promises by training employees of Defendants.

36.  Defendants failed to compensate Plaintiff and putative Rule 23 class members for the work they performed in training Defendants' employees during all relevant periods of time herein.

37.  Plaintiff bring this case as a Fed. R. Civ. P. 23 class action on behalf of himself, individually, and on behalf of other potential class members to recover unpaid contractual wages owed to them.

38.  The precise number of Rule 23 class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

39.  Common questions law or fact common to the Rule 23 class predominate over questions affecting only individual class members.  These common questions of law or fact are:

(a)    Whether a contract existed between Defendants and Plaintiff the putative Rule

6

23 class;

(b)   Whether Plaintiff and other members of the Rule 23 class are entitled to training wages from Defendants under the law of contracts, quantum meruit, quasi-contract or unjust enrichment under Tennessee statutory and common law and the statutory and common law of other applicable states relevant to this action.

(c)   Whether Defendants paid Plaintiff and other members of the Rule 23 class all the training wages they are owed for the relevant time period herein.

(d)   Whether the Defendants unlawfully breached their employment agreements with Plaintiff and members of the putative Rule 23 class;

(e)   The nature and extent of the Rule 23 class -wide injury and the appropriate measure of damages for the Rule 23 class;

40.   Application of various state laws at issue in this case will be manageable as there are no material variations among the law of the states for which certification is sought.

41.   In other words, the law of breach of contract is essentially the same nationwide, and therefore Rule 23 class certification is proper.

42.   Pursuant to the allegations above, Plaintiff's claims are typical of the Rule 23 class claims herein.  These claims arose from the same Defendants' actions or inactions herein, pursuant to their same practices and policies regarding training wages, and the claims are based on the same legal theories.

43.   The individuals in the Rule 23 class identified above are so numerous that joinder of all members is impracticable.

7

44. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

45. Plaintiff is an adequate class representative.

46. Plaintiff was a trainer ("Neighborhood Expert") for Defendants who, like other members of the Rule 23 class, was not paid wages for the hours he trained Defendants' employees, during all relevant period of time herein. Therefore, Plaintiff has an interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.

47. Plaintiff's claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the Rule 23 class in separate actions. All the Rule 23 class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all contractually agreed upon training wages.

48. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a breach of wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The members of the

class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.

49. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

50. Plaintiff knows of no conflict of interest with the class of employees who worked for Defendants.

51. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

52. Plaintiff has hired the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue his claims and claims of the class for unpaid training wages. The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses a majority of its practice on wage and hour claims under the FLSA and applicable state contractual laws.

53. The firm has represented other employees asserting unpaid wage claims, and other compensable time, in numerous other class and collective action cases. It also has represented numerous other employees and employers all over the United States in wage and hour claims in numerous other types of wage cases.

9

54. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

55. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants unless resolved by this action.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME**
**(On Behalf of the FLSA Class)**

56. Plaintiff, on behalf of himself and other members of the FLSA Class, repeats and re-alleges Paragraphs 1 through 55 above as if they were fully set forth herein.

57. At all times relevant herein, Defendants have been and continue to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

58. Pursuant to Defendants' uniform compensation policies and the aforementioned allegations, they have failed to pay Plaintiff and other members of the FLSA Class the applicable overtime compensation as required by the FLSA during the relevant time period herein.

59. Because of Defendants' failure to pay Plaintiff and other members of the FLSA Class for the aforementioned unpaid training work, Plaintiff and other members of the class have not received compensation equal to the applicable overtime rate of pay as required by the FLSA during the relevant time period herein.

60. During the relevant time period herein, Defendants' uniform plan, policy and practice of

10

willfully failing to pay Plaintiff and members of the FLSA Class at the appropriate overtime rates of pay has resulted in Plaintiff and FLSA Class members' claims being unified through a common theory of Defendants' FLSA violations.

61. Defendants have acted without a good faith basis and, have had actual knowledge, of willfully refusing to pay Plaintiff and other members of the FLSA Class for all the applicable FLSA overtime compensation to which they are entitled, for the applicable statutory period of time relevant to this action.

62. As a result of Defendants' willful failure to compensate Plaintiff and other members of the FLSA Class for proper overtime compensation, they have violated and continue to violate the FLSA.

63. Plaintiff and the other members of the FLSA Class are therefore entitled, and hereby seek, to recover compensation for unpaid overtime compensation required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**COUNT II**
**RULE 23 CLASS ACTION VIOLATIONS – BREACH OF CONTRACT**
**(On Behalf of the Rule 23 Class)**

64. Plaintiff, on behalf of himself and other members of the FLSA Class, repeats and re-alleges Paragraphs 1 through 63 above as if they were fully set forth herein.

65. Plaintiff asserts class breach of contract claims because Defendants entered into valid and enforceable contracts with them pursuant to Tennessee law and other applicable state laws

66. Plaintiff and other members of this Rule 23 class accepted Defendants' offer to pay them a certain training wage in addition to their regular wage for each training hour under this contract by training Defendants' employees, as agreed,

11

67. However, Defendants breached their obligations under the said contract by failing to pay Plaintiff and Rule 23 class members the required training compensation for all such training hours they performed for Defendants during the relevant time period.

68. In the alternative, Plaintiff asserts class breach of contract claims because Defendants entered into valid and enforceable contracts with them pursuant to the law of the state where they and each putative Rule 23 class member was hired and/or performed his/her job duties and the applicable contract laws governing contract interpretation and breach for each state where each putative Rule 23 class member was hired and/or performed his/her job duties are sufficiently identical to constitute common legal issues, and with each member of the proposed Rule 23 class, pursuant to which Defendants were to pay a specified hourly rate for each training hour worked.

69. In the alternative to the breach of contract class claims, Plaintiffs assert a quantum meruit/unjust enrichment claim that they and each member of the proposed Rule 23 class provided valuable services to Defendants, that Defendants accepted those services, and that Defendants had reasonable notice that class members expected to be compensated for their services furnished to Defendants.

70. The reasonable value of the services provided and not paid for by Defendants are consistent with the additional hourly rate of pay promised Plaintiff and members of the Rule 23 class because Defendants benefitted to such degree or more from their training work.

71. Plaintiff and members of the Rule 23 class complained to Defendants for their failure to pay them for their training work for the relevant period herein but to no avail.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of himself and all other similarly situated members of the classes, request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims;

B. For an Order finding Defendants liable under the FLSA for unpaid overtime compensation due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

C. For certification of and notice to the FLSA Class and Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

D. An award of damages associated with Defendants' breach of contract;

E. An award of all contractually agreed to wages;

F. For an Order finding that Defendants' violations of the FLSA were willful.

G. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the classes;

H. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the classes;

I. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

13

Respectfully Submitted,

*/s/ J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT
OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for the Plaintiffs*

14